UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| MGR, Inc., d/b/a Air Plus Limited, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>Tri-ad International Freight Forwarding, Ltd., a Canadian corporation,<br><br>Defendant. | Civil File No. 01-CV-803 MJD/JDL<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Jury Trial Demanded |

The parties hereto, by their respective counsel, recognizing that it may be necessary to reveal confidential or proprietary information during discovery in this action, and desiring to obtain a protective order pursuant to Federal Rule of Civil Procedure 26 to protect the manner of disclosure and use of such information, and having STIPULATED AND AGREED that the following provisions shall govern the handling of such confidential information and documents in these proceedings, and the Court finding good cause shown;

IT IS HEREBY ORDERED THAT:

1. This Order covers the production of all discovery materials and information in this action, including but not limited to all documents, contracts, agreements, manuscripts, correspondence, telegrams, telexes, computer printouts, reports, records, schedules, customer lists, diaries, invoices, accounting records and work sheets, charts, notes, estimates, summaries, minutes of meetings, and memoranda, including intercorporate, intracorporate, interoffice and intraoffice memoranda, and memoranda regarding conferences, conversations or telephone conversations, any and all other taped, recorded, filmed, written or typed matters of any kind or



FILED AUG 23 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

description, including the originals and all copies, excerpts, or summaries of materials produced, interrogatory answers, answers to requests for admissions and depositions, responses to subpoenas, any physical objects, samples, or other items; and which constitute, contain or disclose, in whole or in part, Confidential Information.

2. As used in this Order, "Confidential Information" means any information, data or facts concerning the business and/or assets of the parties, including but not limited to, information relating to the financial condition, financial results, marketing strategies, sources of supply, costs of operations, historical and projected sales and earnings, and/or services performed of the parties. Provided, however, Confidential Information does not include information which:

a. Becomes generally available to the public through no wrongful act of the parties; or

b. Was known by the parties prior to the effective date of this Order; or

c. Becomes available to the parties from other sources.

3. The parties to this action and any non-party from whom discovery material is sought in this case may designate information produced in discovery as "Confidential" Information as provided in this Order. In designating information as Confidential, a party or non-party producing information will make such designation only regarding that information which it in good faith believes contains Confidential Information.

4. "Qualified Persons," as used herein, means:

(a) Attorneys of record in this litigation, in-house counsel and retained or employed legal assistants, and staff;

(b) The parties and officers, directors and employees of the parties to this action who counsel in good faith need to review Confidential information for the purposes of assisting counsel in this litigation;

(c) Non-party witnesses noticed for depositions or designated as trial witnesses (and their counsel, if any) to the extent reasonably deemed by counsel to be necessary in good faith in connection with that person's testimony;

(d) The Court and Court personnel in accordance with the procedures set forth in Paragraph 12 below;

(e) Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case;

(f) Persons whose names are reflected on the face of the document as either being authors or recipients of the document; and

(g) Any other person who is designated as a Qualified Person by stipulation of the parties or by Order of this Court, after notice to all parties.

(h) Non-party experts retained by a party to either consult with or testify on behalf of that party.

5. Information marked "Confidential" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

6. No person who receives Confidential Information produced or exchanged shall disclose such information to any person other than those permitted access under Paragraph 5.

7. Before disclosing Confidential Information to Qualified Persons other than attorneys, legal assistants and staff, the Court and Court personnel identified in Paragraphs 4(c)

and (d) the attorney disclosing the materials shall advise such persons of the restrictions of this Order and obtain a written undertaking in the following form:

**CERTIFICATION**

"I hereby acknowledge that I [name] [position of employment] am about to receive Confidential Information supplied by [party]. I certify my understanding that such Confidential Information will be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order in MGR, Inc. d/b/a Air Plus Limited v. Tri-ad International Freight Forwarding, Ltd. Court File No. CIV-01-803, United States District Court, District of Minnesota, that I have been given a copy of and have carefully read and understand the provisions of the Stipulated Protective Order, and that I agree to be bound by the terms thereof. I further understand that such documents or information which are designated Confidential, and all copies, notes and other records that may be made regarding such documents or information, shall be disclosed to anyone other than certain Qualified Persons under the Stipulated Protective Order. I understand that I am to retain all copies of any of the information or materials that I receive that have been designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Stipulated Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties, and thereafter I will return all Confidential Information that comes into my possession, or that I have prepared relating to such Confidential Information, to counsel for the party by whom I am retained. I acknowledge that such return shall not relieve me from any of the continuing obligations imposed on me by the

Stipulated Protective Order. I agree to submit myself to the jurisdiction of the United States District Court, District of Minnesota with respect to the administration and enforcement of the Stipulated Protective Order."

Date: ______________________________
Name

______________________________

______________________________
Address

Before disclosing Confidential Information to witnesses authorized to receive such information who are within the category in Paragraph 4(c) above, the attorney disclosing the materials shall provide the witness with a copy of the Protective Order and make a good faith effort to obtain a written undertaking in the form set forth above. If such an undertaking is not received and the parties and deponent are unable to reach agreement at the deposition, the deposition shall be suspended so as to enable the parties to move the Court for an order concerning the matter.

7. Documents produced pursuant to this Stipulated Protective Order may be designated by any party or non-party as Confidential Information by marking each applicable page:

"CONFIDENTIAL."

In lieu of marking the original of a document, the designating party may mark the copies that are produced or exchanged.

8. Testimony disclosed at any deposition may be designated by any party as Confidential Information by designating it as such on the record at the deposition or within 20 days of receipt of the transcript. Each party shall provide notice upon all copies of the transcript in its possession, custody, or control of those portions of the transcript which are so designated.

From the date of the deposition through this 20-day period, the entire transcript shall be treated as Confidential.

9. All transcripts of depositions or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed with the Court in this action which have previous thereto been designated as comprising or containing Confidential Information, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, and a statement substantially in the following form:

> "CONFIDENTIAL. Filed pursuant to Stipulated Protective Order of [date]. Not to be opened nor the contents revealed except (1) to the Court and then resealed, (2) by agreement of the parties, or (3) by order of this Court."

Nothing in this paragraph shall be construed to preclude a party from delivering an additional courtesy copy of any pleading containing Confidential Information, which copy is not sealed, directly to the chambers of the Judge responsible for this litigation.

10. Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party designating the information as Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

11. A party shall not be obligated to challenge the propriety of a designation as Confidential at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Stipulated Protective Order disagrees with the designation by the designating party of any information as Confidential, the parties shall first try to resolve such dispute in good faith on an informal basis and the challenging party then may

apply to the Court for modification of or removal of such designations. The parties may, by stipulation, provide for exceptions to this Stipulated Protective Order. Moreover any party may apply to the Court for relief from, or modification of, this Stipulation and Order or for further protection of Confidential Information.

12. This Stipulated Protective Order is primarily intended to regulate the handling of Confidential Information during the discovery phase of this dispute, but shall remain in force and effect thereafter until modified, superseded, or terminated on the record by an Order of the Court. This Stipulated Protective Order shall not prevent any Confidential discovery materials from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. Before any exhibits or other materials designated Confidential are shown to the jury at trial, such designation shall be removed from such exhibits or other materials. The parties agree that they will attempt to reach agreement regarding the procedures to be recommended to the Court. All Confidential Information produced or exchanged during the pendency of the above-referenced action shall be returned to the party producing the Confidential Information upon the conclusion of this action and all appeals.

13. Nothing in this Protective Order will restrict the otherwise proper disclosure by a party of its own Confidential Information.

14. All Confidential documents will be returned to the other party at the conclusion of the litigation and no copies retained.

Dated: Aug. 22, 2001

BRIGGS & MORGAN, P.A.

By ______________________
Mark J. Ayotte (#166315)
Matthew J. Kading (#301279)
2200 First National Bank Building
Saint Paul, Minnesota 55101
(612) 223-6600

**ATTORNEYS FOR PLAINTIFF MGR, INC. D/B/A AIR PLUS LIMITED**

Dated: Aug 20, 2001

**OPPENHEIMER, WOLFF & DONNELLEY**

By ______________________
Jeffery Bouslag (#174671 )
Timothy Webb (#271299)
Plaza VII Suite 3400
45 South Seventh Street
Minneapolis, MN

**ATTORNEYS FOR DEFENDANT TRI-AD INTERNATIONAL FREIGHT FORWARDING, LTD.**

IT IS SO ORDERED this 23 day of Aug., 2001.

BY THE COURT:

______________________
Mag. Judge of United States District Court, District of Minnesota