**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**MGR, INC., d/b/a AIR PLUS LIMITED, a Minnesota corporation,**

Plaintiff,

v.

**TRI-AD INTERNATIONAL FREIGHT FORWARDING, LTD., a Canadian Corporation,**

Defendant.

---

Civil No. 01-803 (JEL/JGL)

**O R D E R**

APPEARANCES

Mark Ayotte, Esq., for Plaintiff

Jeffrey Bouslog, Esq., for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on November 7, 2002 on Defendant's Motion to Permit the Discovery Depositions of Friedman and Ball (Doc. No. 31). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Discovery in this case closed on September 15, 2002. Defendant moves pursuant to D. Minn. LR 16.3 for a modification of the pretrial schedule to permit the depositions of Gary Friedman and Dan Ball. According to

NOV 0 7 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendant's counsel, the depositions, which were noticed in July 2002, were postponed by agreement of the parties to allow the parties to concentrate on settlement negotiations and to avoid the potentially unnecessary costs of taking the two depositions in California.[1] The settlement negotiations continued through early October 2002 at which time the parties reached an impasse. Plaintiff's counsel does not recall agreeing with Defendant's counsel that the California depositions would be postponed during settlement negotiations.

The Local Rules of the District of Minnesota provide that a discovery schedule shall not be extended except for good cause shown by the moving party. See D. Minn. LR 16.3(a). In addition, a motion for an extension of the discovery schedule must be scheduled prior to the expiration of the original pretrial deadline except in extraordinary circumstances. See D. Minn. LR 16.3(c). Although the Court believes Plaintiff's counsel's subjective recollection that the parties did not agree to postpone the California depositions during settlement negotiations, the Court also accepts Defendant's counsel's subjective belief that the parties did agree to postpone the depositions. There is no need to make a credibility determination; it is entirely plausible that both lawyers held their contrary beliefs in good faith. Defendant's counsel's representation to the Court satisfies the "good cause" and "extraordinary circumstances" requirements of LR 16.3, and Defendant's

---

[1] Friedman and Ball are located in California.

motion is therefore granted. The pretrial schedule is modified to permit the depositions of Gary Friedman and Dan Ball, which must be completed by December 15, 2002.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Permit the Discovery Depositions of Friedman and Ball (Doc. No. 31) is **GRANTED**. The pretrial schedule is modified to permit the depositions of Gary Friedman and Dan Ball, which must be completed by December 15, 2002.

Dated: November 7, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge