**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**CIVIL DIVISION**

---

MGR, Inc., d/b/a Air Plus Limited, a Minnesota corporation,

Plaintiff,

vs.

Tri-ad International Freight Forwarding, Limited, a Canadian corporation,

Defendant.

Court File No. 01-CV-803 JEL/JGL

TRI-AD INTERNATIONAL FREIGHT FORWARDING, LTD'S MEMORANDUM IN OPPOSITION TO AIR PLUS, LTD'S MOTION TO REOPEN CASE AND ENTER JUDGMENT

---

## INTRODUCTION

Tri-ad International Freight Forwarding, Ltd., ("Tri-ad") respectfully submits this Memorandum of Law in opposition to MGR, Inc., d/b/a Air Plus Ltd.'s ("Air Plus") Motion to Reopen Case and Enter Judgment. Air Plus' Motion should be denied for two reasons. First, Tri-ad timely made its final payment to Air Plus. Second, even assuming arguendo the final payment was one day late as alleged by Air Plus, such a delay does not constitute a material breach that would entitle Air Plus to the damages it seeks. Accordingly, Air Plus' Motion should be denied

## FACTUAL BACKGROUND

Tri-ad entered into a Settlement Agreement and Mutual Release ("Agreement") with Air Plus on December 24, 2002 pursuant to which both parties agreed to resolve any and all claims arising from the above-captioned lawsuit. [See, Affidavit of Avnish Aggarwal ("Aggarwal Aff'.), Exhibit A]. Under the terms of the Agreement, Tri-ad agreed to pay Air Plus $280,000.00 in 13 installments. The first installment ($30,000) was due "on or before 10 days

from the execution of [the] Agreement" by January 3, 2003. The second installment ($20,833.33) was due "on or before 40 days from the execution of [the] Agreement", February 2, 2003. The remaining 11 payments in the amount of $20,833.33, however, were due "within thirty (30) day intervals thereafter." Tri-ad made all the installment payments within the time frame set under the Agreement. However, Air Plus alleges that it received the final installment one day late and consequently brings this Motion asking for damages. Air Plus' assertions are unsupported by either the facts or the law and as such, this Motion is entirely improper and frivolous.

**ARGUMENT**

**A. Tri-Ad's Final Payment Was Timely.**

Tri-ad made its final payment to Air Plus within the time frame required under the Agreement. Under the Agreement, Triad was required to pay the final 11 installments "within 30-day intervals." Tri-ad computed the due date of these payments based on the ordinary meaning of the word "interval." [See, Aggarwal Aff.]. The New Webster's Dictionary (Vest Pocket Edition), specifically defines the word interval to mean a "gap." (See, Aggarwal Aff. Exhibit B). Applying this meaning, Tri-ad calculated the due dates of its payments to fall on the 31st day following a 30-day gap. [See, Aggarwal Aff. Exhibit C]. Based on Tri-ad's calculations, the final payment to Air Plus was due on January 09, 2004. Tri-ad wired the payment on December 30, 2003. Thus, not only was its final payment to Air Plus made in a timely manner, Tri-ad made the payment several days ahead of schedule.

Moreover, although Tri-ad chose to make the installment payments by wire transfer, the Agreement gave Tri-ad the option of making the installment payments either by wire transfer or by check without specifying that a payment made by check had to be sent be the due date or received by the due date. If Tri-ad had exercised its option to mail the final installment, Air Plus would not have received the payment at least two or more days after the due date. Hence, under

the terms of the Agreement, Air Plus was not entitled to receive payments from Tri-ad at least two to or more days after the 30-day interval had elapsed.

**B. Being One Day Late On A Single Installment Does Constitute a Material Breach of The Settlement Agreement.**

Even assuming arguendo that Tri-ad's calculations were incorrect, and its final payment was one day late as Air Plus contends, this does not amount to a breach of the Agreement. In order for a breach of an agreement or contract to be actionable, such breach needs to be material. See Cloverdale Foods of Minn., Inc. v. Pioneer Snacks, 580 N.W.2d 46, 49 (Minn. App. 1998); Johnny's, Inc. v. Njaka, 450 N.W.2d 166, 168 (Minn. App. 1990) A breach is material if a party to an agreement refuses to perform a substantial part of the agreement. See Liebsch v. Abbott, 122 N.W.2d 578, 581 (1963). This is not the case here.

Air Plus' assertion that Tri-ad breached the Argument is based solely on the fact that it received the final installment payment one day late. Minnesota Courts have consistently held that a delay in making a single installment payment is not a material breach of an agreement. See e.g. Coddon v. Youngkrantz, 562 N.W.2d 39, 43 (Minn. App. 1997) (even though contract defined default as an untimely performance of the terms of the contract, delay in making a single installment payment is not the type of material breach or substantial failure of performance that would entitle a party to cancel the contract); TNT Properties, Ltd. v. Tri-Star Developers LLC, 677 N.W.2d 94, 103 (Minn. App. 2004) (purchaser's two-day delay in making first installment payment is not the type of material breach that operates to nullify a Settlement Agreement). This is especially true where the Agreement was substantially performed. Coddon, 562 N.W.2d at 43.

Air Plus, does not dispute the fact that Tri-ad made twelve of the thirteen installment payments in a timely fashion. In fact, according to Air Plus' and Tri-ad's calculations, Tri-ad made several of the installment payments days ahead of their due date. Air Plus' has enjoyed the

benefit of receiving Tri-ad payments earlier than it ought to and now seeks to penalize Tri-ad based upon an argument that it received a single installment payment one day late. This interpretation of the agreement is clearly excessive. Interpreting a default to mean a single untimely payment, given the facts of this case would result in an inequitable and absurd construction of the terms of the Agreement. See e.g., Coddon.

**C. Tri-ad is Entitled to its Costs and Fees Associated with Defending this Motion**

Air Plus has asked this court to reopen this case and enter judgment against Tri-ad based on the fact that it received Tri-ad's final installment *one* day late. Air Plus' motion is entirely frivolous and inappropriate especially in light of the fact that Tri-ad had always made the installment payments in a timely manner. Counsel for Tri-ad requested both verbally and in writing that Air Plus withdraw this improper motion. [See, Affidavit of Jeffrey Bouslog (Bouslog Affidavit), Exhibit A]. Air Plus refused and forced Tri-ad to unnecessarily respond to what is clearly a frivolous motion. This Court should not permit Air Plus to abuse the litigation process through the filing of frivolous motions. Therefore, Tri-ad request an award of its costs and fees associated with responding to this motion in an attempt to discourage similar conduct in the future.

## CONCLUSION

For the forgoing reasons, this Court should deny Air Plus' Motion in its entirety and award Tri-ad the fees it incurred in responding to this matter.

Date: June 8, 2004

**OPPENHEIMER WOLFF & DONNELLY LLP**

By s/ Jeffrey J. Bouslog
Jeffrey J. Bouslog (#174671)
Olufemi O. Solade (#330851)
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Fax Telephone: (612) 607-7100

**ATTORNEYS FOR DEFENDANT TRI-AD INTERNATIONAL FREIGHT FORWARDING, LTD.**