UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL DIVISION

MGR, Inc., d/b/a Air Plus Limited, a Minnesota corporation,

Plaintiff,

vs.

Tri-ad International Freight Forwarding, Limited, a Canadian corporation,

Defendant.

Court File No. 01-CV-803 JEL/JGL

**AFFIDAVIT OF JEFFERY J. BOUSLOG**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN)

JEFFERY J. BOUSLOG, being first duly sworn upon oath, deposes and states as follows:

1. I am a partner with the law firm of Oppenheimer Wolff & Donnelly LLP, counsel for Defendant, Tri-ad International Freight Forwarding, Ltd. ("Tri-ad") in the above-captioned matter. I make this Affidavit of my own knowledge, and in support of Tri-ad's Memorandum of Law in Opposition to Plaintiff, MGR, Inc., d/b/a Air Plus Ltd's ("Air Plus"), Motion to Reopen Case and Enter Judgment ("Motion").

2. On June 2, 2004 upon receiving Air Plus' Motion, I contacted Lisa Agrimonti, counsel for Air Plus, via telephone and verbally requested that Air Plus withdraw its Motion. I told her that the motion was baseless and that if her client did not withdraw the motion, Tri-ad would seeks it's fees for having to respond to the motion.

3. On the same day, I sent Ms. Agrimonti a letter, reiterating the request that Air Plus withdraw its Motion. A copy of this letter is attached hereto as Exhibit A.

4. Air Plus' counsel refused to withdraw the Motion and forced Tri-ad to incur attorney fees in responding to what is clearly a frivolous motion

5. I assigned the task of drafting the Memorandum of Law in Opposition to Plaintiff's Motion to Olufemi O. Solade, a first year associate at Oppenheimer Wolff & Donnelly LLP.

6. Our fees associated with preparing and filing the Memorandum of Law in Opposition to Plaintiff's Motion were $2560.00. Ms Solade spent 11.5 hours and her rate is $160 and I spent 2 hours reviewing the motion, communicating with opposing counsel and my client and overseeing Ms. Solade's work. My rate is $360.

FURTHER, YOUR AFFIANT SAYETH NOT.

Dated: June 8, 2004

s/ Jeffrey J. Bouslog

Subscribed and sworn to before
me this 8th day of June, 2004.

s/ Debra L. Peterfeso
Notary Public – State of Minnesota

# EXHIBIT A

OPPENHEIMER

OPPENHEIMER WOLFF & DONNELLY LLP

Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402-1609

oppenheimer.com

612.607.7000
Fax 612.607.7100

Direct Dial: (612) 607-7446
E-Mail: JBouslog@oppenheimer.com

COPY

June 2, 2004

***VIA FACSIMILE***

Lisa Agrimonti, Esq.
Briggs and Morgan, P.A.
2200 First National Bank Building
332 Minnesota Street
Saint Paul, MN 55101

**RE:** ***MGR, Inc., d/b/a Air Plus Limited v. Tri-ad International Freight Forwarding, Ltd.***
**Court File No. 01-CV-803 (MJD/JDL)**

Dear Ms. Agrimonti:

This confirms our telephone conversation this morning during which we discussed Air Plus' motion to reopen the above-referenced matter and for entering a judgment in that matter. As I indicated in the telephone conversation, my client and I believe that the final payment was timely. Paragraph 1(b) of the Settlement Agreement specifically states that all installment payments after the first installment will be paid "within 30 day intervals . . . ." The dictionary specifically defines "interval" as a gap. Applying the definition of interval, Tri-ad was entitled to a 30-day gap between each of the installment payments, which would make the actual payment due on the 31st day. This is the basis upon which my client calculated the payment due date, and based upon this calculation, the last payment was timely made.

In addition, the payments provided for in Paragraph 1 of the Settlement Agreement allowed payment by either wire transfer or check, and did not specify that the check had to be received by the due date. Therefore, under the language of the payment provision, Tri-ad was entitled to mail a check on the payment date, in which case Air Plus would have received payments at least two or more days after the date mailed.

Finally, even assuming for purposes of argument that your client's calculation of the final due date is correct, Tri-ad's payment on December 30 is not a material breach of the Settlement Agreement. There is no reasonable basis upon which you and your client can argue that, even assuming your calculation is correct, a payment that is received one day after the due date constitutes a material breach.

OPPENHEIMER

OPPENHEIMER WOLFF & DONNELLY LLP



As we discussed, I am confident that the magistrate will view your motion in a very negative light, and is likely to award fees to Tri-ad for having to respond to this motion. I expressly requested that you withdraw the motion, in which case my client would not pursue a claim for the fees it has incurred in reviewing the motion and preparing this letter. If your client does not withdraw the motion by the end of today, we will prepare a strong response to the motion and will request that the court sanction Air Plus and Briggs and Morgan for bringing this inappropriate motion.

Sincerely,

Jeffrey J. Bouslog

JJB:dlp

cc: Linda Collier (via facsimile)